IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  1:13-cv-527 |
| v. | § § | |
| SELECTCARE BENEFITS NETWORK, INC., | § § § | COMPLAINT |
| | § | JURY TRIAL DEMAND |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Carolyn Harris who was adversely affected by such practices.  More specifically, the Equal Employment Opportunity Commission (hereinafter the "Commission") alleges that a Supervisor with SelectCare Benefits Network, Inc. (hereinafter "Defendant") sexually harassed Carolyn Harris by subjecting her to unwelcome touching, unsolicited comments of a sexual nature, and other incidents of a hostile nature, all in violation of Section 703(a) of Title VII.  The Commission also alleges that Defendant retaliated against Carolyn Harris by giving her outdated leads, reducing the number of calls directed to Ms. Harris, and deducting chargebacks from Ms. Harris' salary because she engaged in protected activity in violation of Section 704(a) of Title VII.  Further, the Commission alleges that Carolyn Harris was constructively discharged, when forced to quit her employment, because her employment conditions became so intolerable.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Texas Corporation doing business in the State of Texas and City of Austin, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Carolyn Harris filed a charge with the Commission alleging violations of Title VII by Defendant.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least July 2010, Defendant has engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These unlawful employment practices include:

a. Subjecting Carolyn Harris to a hostile work environment based on her sex, female including, but not limited to, daily touching of her breasts, nipples, buttocks and thighs and sexually inappropriate comments and name calling;

b. Subjecting Carolyn Harris to retaliation by giving her outdated leads, reducing the number of incoming calls to her, and deducting chargebacks from her salary; and

c. Constructively discharging Carolyn Harris, forcing her to quit her employment by making the conditions of her employment intolerable as a result of the sexual harassment and retaliation.

9. The effect of the practices complained of in paragraph eight (8) above has been to deprive Carolyn Harris of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex and retaliation.

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11. The unlawful employment practices complained of in paragraph eight (8) above were done with malice or with reckless indifference to the federally protected rights of Carolyn Harris.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting its employees to a sexually hostile work environment because of their sex and from any other employment practice which discriminates on the basis of sex;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any form of retaliation for engaging in conduct protected by Title VII;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees and for individuals regardless of their sex, and for those who engage and/or participate in protected activity under Title VII, and which eradicate the effects of past and present unlawful employment practices;

D. Order Defendant to make whole Carolyn Harris, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Carolyn Harris, or front pay in lieu thereof;

E. Order Defendant to make whole Carolyn Harris, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

F. Order Defendant to make whole Carolyn Harris, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

G.   Order Defendant to pay Carolyn Harris punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Harris' federally protected rights, as described in paragraph eight (8) above, in an amount to be determined at trial;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Patrick M. Connor
by permission of Robert A. Canino
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Patrick M. Connor
by permission of Judith G. Taylor
_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

/s/ Patrick M. Connor

_____

PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
E-mail: Patrick.Connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**