FILED
2014 FEB 28  AM 10: 26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § and § § Carolyn Harris, § § Plaintiff-Intervenor § § v. § § SELECTCARE BENEFITS NETWORK, INC., § § Defendant. § | Civil Action No. 1:13-cv-00527-SS |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plantiff-Intervenor, Carolyn Harris ("Intervenor"), and Defendant, SelectCare Benefits Network, Inc. ("SCBN"). This Consent Decree resolves the allegations raised by the EEOC and Carolyn Harris in the above-referenced Civil Action No.1:13-cv-00527-SS. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Carolyn Harris, who claims she was adversely affected by such alleged practices. More specifically, the EEOC alleged that a Supervisor with SCBN sexually harassed Carolyn Harris by subjecting her to unwelcome touching, unsolicited comments of a sexual nature, and other incidents of a hostile nature, all in violation of Section 703(a) of Title VII. The Commission also alleged that SCBN retaliated against Carolyn Harris by giving her outdated leads, reducing the number of calls

directed to Ms. Harris, and deducting chargebacks from Ms. Harris' salary because she engaged in protected activity in violation of Section 704(a) of Title VII. Further, the Commission alleged that Carolyn Harris was constructively discharged, when forced to quit her employment, because her employment conditions became so intolerable.

The EEOC, Intervenor and SCBN wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Decree. The Consent Decree is entered for the sole purpose of avoiding the expenses associated with this litigation, and is not an admission of any wrongdoing.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and Intervenor against SCBN; venue is proper, and all administrative prerequisites to the EEOC's filings have been met.

2. The Parties agree that this Consent Decree resolves all issues raised in the EEOC's Complaint and the Complaint-in-Intervention in this case. The EEOC waives further litigation of all claims raised in its Complaint and/or Charge of Discrimination No. 36A-2011-00303, and Intervenor waives further litigation of all claims raised in Intervenor's Complaint-in-Intervention. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against SCBN.

3. During the term of this Consent Decree, SCBN, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby enjoined from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on sex and from engaging in any other employment practices which discriminate on the basis of sex.

4. During the term of this Consent Decree, SCBN, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby enjoined from retaliating against employees who oppose a practice made unlawful by Title VII.

5. Within sixty (60) days from the entry of this Consent Decree, SCBN will adopt, implement a sexual harassment and retaliation policy that meets the following criteria:

   (a) States that SCBN: (i) prohibits discrimination against any employee on the basis of sex, female, in violation of Title VII; (ii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, female, in violation of Title VII; (iii) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to any employee through acts such as physical/verbal abuse and derogatory comments based on sex, female, in violation of Title VII; and (iv) prohibits retaliation against any employee who reports discrimination in violation of Title VII;

   (b) Defines and provides examples of sexual harassment and retaliation;

   (c) Provides for prompt investigation of sexual harassment and/or retaliation complaints and for prompt action, which is appropriate and effective, to remedy the discrimination;

   (d) Provides that upon the conclusion of SCBN's investigation, the results of the investigation and the remedial actions taken or proposed will be promptly communicated in writing to the complaining party;

(e)  Provides for substantial and progressive discipline for violating SCBN's sexual harassment and retaliation policy up to and including discharge; and

(f)  Requires that all employees report incidents of sexual harassment and/or retaliation to the person(s) identified by SCBN as the person(s) charged with the responsibility for investigating discrimination complaints.

6.  During the term of this Consent Decree, SCBN shall provide at least one and one quarter (1.25) hours of training to all its new employees including managers and supervisors who are assigned to work at SCBN's facility in Austin, Texas. This training shall cover what constitutes sex-based discrimination, including sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964. The training shall explain that discrimination on the basis of sex, and in particular sexual harassment, violates Title VII; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment. Steve Mierl, CORNELL SMITH MIERL & BRUTOCAO, LLP, 1607 West Avenue, Austin, Texas 78701, or an equally qualified instructor, will conduct this training. Each anniversary date of Consent Decree, SCBN shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date. All employees will be paid their normal rate of pay, and the training will occur during their normally scheduled workdays and work hours. SCBN shall bear all costs associated with these training sessions. SCBN will provide proof of training for all current employees as of the date of the Consent Decree within thirty (30) days of the entry of the Consent Decree.

7.  Within five (5) business days of the execution of this Consent Decree, SCBN shall, in settlement of this dispute, pay a total sum of Fifty Thousand Dollars ($50,000.00) to

Carolyn Harris.  Payment to Carolyn Harris shall be mailed to Ms. Harris' attorney Logan Howard, HOWARD & KOBELAN, 100 Congress Ave., Suite 1720, Austin, Texas 78701.  A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.  Carolyn Harris will be responsible for all taxes that may be due on the payment.

8.   Within ten (10) days from the entry of this Consent Decree, SCBN shall post a copy of the Notice attached as Exhibit "A" to this Consent Decree at its facility in Austin, Texas in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Consent Decree.  SCBN shall ensure that the posting is not altered, defaced or covered by any other material.

9.   The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may upon ten (10) days written notice to SCBN:

(a)   Conduct inspections at SCBN facility in Austin, Texas;

(b)   Interview employees; and

(c)   Examine and copy relevant documents.

10.   SCBN, shall bear the costs associated with administering and implementing the provisions of this Consent Decree; but not as to the EEOC's cost and expenses.

11.   The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

If the EEOC has reason to believe that SCBN has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance following the discovery of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall be served Steve Mierl, CORNELL SMITH MIERL & BRUTOCAO, LLP, 1607 West Avenue Austin, Texas 78701, and include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. SCBN shall have thirty (30) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and SCBN, and neither party will unreasonably withhold an agreement to extend. If the EEOC and SCBN are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, Austin Division.

12. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

13. When this Consent Decree requires the submission by SCBN of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

SO ORDERED AND ENTERED this 27th day of February, 2014.

_____
HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

Signed this 26th day of February, 2014.

| ATTORNEYS FOR SELECTCARE BENEFITS NETWORK, INC | ATTORNEYS FOR PLAINTIFF |
|---|---|

STEVEN L. MIERL
Texas State Bar No. 00795529

CORNELL SMITH MIERL
& BRUTOCAO, LLP
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Facsimile: (512) 328-1541

/s/ Patrick M. Connor
by permission of Robert A. Canino

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Patrick M. Connor
by permission of Judith G. Taylor

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

Patrick M. Connor
Trial Attorney
Texas Bar No. 24076165
E-mail: Patrick.Connor@eeoc.gov

P. David Lopez
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669
E-mail: Patrick.Connor@eeoc.gov

**ATTORNEYS FOR INTERVENOR**

/s/ Patrick M. Connor
by permission of Logan Howard

LOGAN HOWARD
Texas State Bar No. 24069952
DEREK A. HOWARD
Texas State Bar No. 10064600

HOWARD & KOBELAN
100 Congress, Suite 1720
Austin, Texas 78701
Telephone: (512) 480-9300
Facsimile: (512) 480-9374

## COMPANY LETTERHEAD

### NOTICE TO ALL EMPLOYEES

**POLICY:** Discrimination or harassment of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of SelectCare Benefits Network, Inc., that discrimination or harassment based on sex and/or retaliation is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on race, sex and/or retaliation, and to reiterate the SelectCare Benefits Network, Inc.'s policy on discrimination on every protected basis prohibited by Title VII.

**SCOPE:** This policy extends to all employees of SelectCare Benefits Network, Inc., both management, non-management, and temporary/probationary.

**DEFINITION:** Sex-based discrimination occurs when an employment decision is made based on a person's sex (male or female) rather than on legitimate factors. Sex-based discrimination or harassment can happen if you are male or female. Sex-based discrimination is often a result of stereotypes. In some cases, those stereotypes extend to all members of a disfavored group. Some examples are:

- * Treating employees of one sex better than employees of another sex because of their sex;
- * Giving members of one sex better job assignments than members of another sex because of their sex;
- * Making unwelcome sexual comments and name-calling in the workplace; and/or
- * Physically mistreating someone because of their sex.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:** Retaliation is the punishment of an employee for engaging, in good faith, in a protected activity, such as filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are: Suspension; Reduction of pay; Discharge; Reassignment of job duties; Reduction of work hours; and/or Reassignment to a different work shift.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex based discrimination,

harassment and retaliation. All employees are expected to read, understand, and follow SelectCare Benefits Network, Inc.'s policy against sex-based discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on race, sex and/or retaliation is expected to report the conduct, as soon as possible, to SelectCare Benefits Network, Inc.'s _____ .

In addition to reporting such an allegation to SelectCare Benefits Network, Inc., the person may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (866) 408-8075. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov. Filing a charge with the EEOC does not relieve an employee from the obligation to report a complaint as specified herein to SelectCare Benefits Network, Inc.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken promptly by top management and/or the _____ . The investigation may include interviews of all relevant employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination including, but not limited to, sex-based discrimination, harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions depending on the circumstances, from a verbal counseling or written warning in his or her personnel file, up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed in good faith what they believe to be unlawful employment practices, including racial harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. SelectCare Benefits Network, Inc. will not punish you for reporting sex discrimination simply because you have made a complaint under the above guidelines.

For more information, please consult the company's Anti-harassment Policy in its handbook, or contact the company's management.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS.

Signed this _____ day of _____ , 2014.

_____        _____
Date                             SelectCare Benefits Network, Inc., President